Spies agt. Damm.

# N. Y. SUPERIOR COURT.

## PETER SPIES agt. CHARLES DAMM.

*Landlord — Tenant — Co-tenant — Injunction — Right to light and air — Damages.*

Under a conveyance of premises every thing passes, as an incident, which belongs to and is in use for them; and if such an incident consists of an arrangement, upon the continuance of which, the enjoyment of light and air depends, it is to be protected by the law like other property.

The iron grating in front of a building which protects the windows in the basement, and through which, at the same time, the basement is supplied with light and air from a public street, is an incident to the building, and the light and air passing through it are necessary to the beneficial enjoyment of the basement.

Accordingly *held,* that an action would lie by the tenant or lessee of such basement against a co-tenant who occupied the store above, to restrain the continuance of a show case which obstructs the plaintiff's light and air.

And it makes no difference whether the common landlord owns to the center of the street or not, or whether the iron grating is or is not within what is commonly denominated the stoop line.

Such obstruction is unlawful against the plaintiff, and neither the landlord's assent nor the permission granted by the municipal authorities, can constitute a justification in the absence of the plaintiff's consent.

Nor can a reservation made by the landlord in the lease, reserving to himself the right to make alterations in the upper part of the building, avail the defendant. The obstruction created by the defendant's act can, in no sense, be deemed an alteration within the meaning of that word as used in the case.

Nor does it affect plaintiff's right to maintain the action, that prior occupants of the same store were permitted by him, without objection, to occasionally obstruct, at least, partially, the passage of light and air by matting or baskets.

Such tenant is not only entitled to an injunction restraining the continuance of the obstruction, but also to compensatory damages.

*Special Term, December,* 1877.

ACTION to restrain the continuance of a show case which obstructs the plaintiff's light and air. The facts are sufficiently stated in the opinion.

*Charles Wehle*, for plaintiff.

*M. F. Donley*, for defendant.

FREEDMAN, *J.*— In *Doyle* agt. *Lord* (64 *N. Y.*, 432), upon which plaintiff relies, the light and air came over land belonging to the same landlord. Such land consisted of a yard which had been attached to, and appropriated for, the use of the whole building. It was upon this ground that the court of appeals held, that each tenant occupying part of the building had an easement in the yard. This conclusion was reached, as stated by EARL, J., without any departure from what may be called the American doctrine as to light and air, as distinguished from the English common-law doctrine. If the yard in question had not been found to be an appurtenance to the building, but adjoining land, though belonging to the same landlord, the decision, it seems, would have been the other way. So far as it goes, however, the decision establishes that under a conveyance of premises every thing passes, as an incident, which belongs to, and is in use for, them; and that, if such an incident consists of an arrangement upon the continuance of which the enjoyment of light and air depends, it is to be protected by the law like other property. But no light or air can, of itself, be deemed an incident as against an adjoining owner, unless it descends perpendicularly upon the premises demised or part therof, or their appurtenances. If, therefore, the parties to this action held under lessors of adverse titles, and the defendant had done the act complained of in reliance upon his or his lessor's title, the plaintiff would have no action. The parties held, however, as co-tenants under the same title. The plaintiff occupies the basement and the defendant the store above the same. The lease of

Spies agt. Damm.

neither contains a grant of light and air, in terms. So far as express language goes, the premises demised to each are bounded by their respective walls. Both front upon Fulton street, which is a public highway, and access to both is had from said street. So far there is perfect equality. But the iron grating in front of the building which protects the windows in the basement, and through which, at the same time, the basement is supplied with light and air from Fulton street, is an incident to the building, and the light and air passing through it are necessary to the beneficial enjoyment of the basement. The plaintiff hired the basement long before the defendant took the store, and continued in its occupation under successive leases. During all these times the incident referred to was visibly attached. On the other hand, it is not necessary to defendant's proper enjoyment of the store, that the plaintiff should be deprived of the light and air referred to. In my judgment, therefore, it makes no difference whether the common landlord owns to the center of the street or not, or whether the iron grating is or is not within what is commonly denominated the stoop line. Plaintiff's claim is not directed against the owner of adjoining land or his representative, but against a co-tenant, whose right, perpendicularly considered, is, along the line of the front of the building, identical with that of the plaintiff in respect to the benefits to be derived from the existence of the adjoining highway, except so far as it may have been modified by appurtenances or incidents belonging to the building. In any aspect of the case which may be taken under the evidence, the defendant was bound so to use the space outside of, and in front of, his store, as not to interfere with the beneficial enjoyment of the basement by the plaintiff, so far as such enjoyment depended upon the supply of the light and air referred to. True, the construction and maintenance, outside of defendant's store, of the large show case complained of, which completely covers the grating and deprives the basement of the light and air that would otherwise pass through

it, is of material benefit to the defendant, for, practically, he thereby secured an extension of his store. But such extension is unlawful as against the plaintiff, and neither the landlord's assent nor the permission granted by the municipal authorities can constitute a justification in the absence of plaintiff's consent, which was never given. The reservation made by the landlord in the lease, reserving to himself the right to make alterations in the upper part of the building, is equally unavailing to the defendant, because the obstruction created by the defendant's act can, in no sense, be deemed an alteration within the sense in which that word is used in the lease. For the same reason it can make no difference that prior occupants of the same store were permitted by plaintiff, without objection, to occasionally obstruct, at least, partially, the passage of the light and air referred to, by matting or baskets. The plaintiff is entitled to judgment restraining the defendant from continuing the obstruction, with costs. He is also entitled to recover his damages; but they must be confined to such as are compensatory in their character.