(3 Misc. Rep. 219.)
O'NEILL et al. v. BREESE et al.

(Superior Court of New York City, Equity Term. April, 1893.)

EASEMENTS—FLOOR LIGHTS OVER BASEMENTS—INJUNCTION.
  Where the basement of a building is lighted from above by a floor light, the right to the light from such source is an easement which passes with a lease of the basement, in the absence of a restriction in the lease, and the tenant of the room above will be enjoined from covering the floor.

Action by Phelim O'Neill and others against James J. Breese and others for an injunction.

The lot known as "No. 130 West Twenty-Third street" belongs to one Goldberg. It is 25 feet in width and 100 feet deep. There is erected thereon a four-story brick building, running from the front to a depth of 48 feet. It is known as the "main building." Connected therewith, and extending back to almost the entire depth of the lot, is an extension, consisting of one story and basement. The first floor is divided into what is called the "parlor," and the "rear parlor extension." The basement in the main building and that in the rear extension is divided by a thin partition, with two doors opening into the rooms. The plaintiffs use the front basement as a saloon, and the rear extension as a billiard room. The contention concerns the right to light in the rear extension. Over the parlor extension are two skylights, which reflect their rays into the room on that floor. In the rear extension are floor lights, intended, as their name implies, to convey the light from the parlor extension through the floor into the basement below. Goldberg, the owner, gave a lease of the basement to the plaintiffs, and a lease of the entire parlor floor to the defendant Morse, who sublet the extension to the defendant Breese. The leases were delivered almost simultaneously, and the respective terms demised commenced at the same time. After the defendant Breese moved into the rear parlor extension, he covered the entire floor with carpet matting, and in that manner prevented the light from reaching the basement through the floor lights. The plaintiffs, by their bill in equity, seek to enjoin the continuance of this alleged wrong.

Jeroloman & Arrowsmith, for plaintiffs.

Freling H. Smith, for defendant Breese.

·McADAM, J.　An easement is a privilege, without profit, which the owner of one tenement has a right to enjoy, in respect of that tenement, in or over the tenement of another person, by reason whereof the latter is obliged to refrain from doing anything on his own tenement to the detriment of the former.　Godd. Easem. (Banks' Ed. 1871) p. 2.　The right to the free passage of light is classed among these privileges, and ranks with other easements. The right of property entitles the owner to so much light and air as fall perpendicularly on his land, and this, when transmitted through his building according to its peculiarities of structure, and distributed to its different parts, may make them desirable to tenants for residences or trade purposes.　Whether a particular tenement is light or dark may have influenced the tenant to hire, and it will not do, after he has contracted with reference to these existing advantages, to hold that he has acquired no right to them as an incident of the hiring in the nature of an easement, because not so specifically designated in his lease.　While it is true that easements are generally acquired by grant or prescription, it is equally true that they may be gained by contract, although not specified, where, from the nature of the subject-matter, it is evident that the parties intended that conveniences permanently constructed for the distribution of light and air should form an inseparable incident of the main agreement.　Such easements may be implied from the very nature of the subject-matter and demise, (the two being considered together,) and, unless the lease contains some restriction upon the right, it will be assumed that the tenant shall possess his portion of the tenement in the manner and with the same beneficial rights as were then in and belonging to it.　The interest thus acquired may be termed the "dominant" tenement, the other the "servient," and the duty imposed on the latter is of that passive character which merely requires the occupant of that part to refrain from doing any act of a positive character calculated to produce undue injury to the right of the occupants underneath.　The defendant Breese, as tenant of the rear parlor extension, acquired an undoubted right to light from the two skylights over his room, and the plaintiffs, as tenants of the basement, gained the right to whatever light they might obtain through the floor lights.　The easements in both cases were apparent, and therefore passed, whether named in the demise or not.　Wood, Landl. & Ten. (2d Ed.) 429.　The very name "floor lights" was notice that the occupants underneath were to receive whatever rays of light they might reflect, and, however indifferent the light reflected below might be, the tenant above had no right arbitrarily to cover the floor lights with matting, and in that manner shut out the light entirely.　The doctrine "sic utere tuo ut alienum non laedas" applies to lights as well as to solid or tangible property, (Whart. Leg. Max.,) and the occupant of the servient tenement was bound to use it in a manner that

would not infringe upon the rights of the tenants on the floor below. The owner could not lawfully have disregarded the rights of easement in the dominant tenement, and his tenants, with notice thereof, have no greater rights than he would have had if he had not rented the servient tenement. It is evident that when the owner erected the rear extension he intended that the skylights should light the rear parlor, and that light should in turn be reflected through the floor lights into the basement below. This scheme of the building must have been apparent to any one inspecting the building with a view to hiring, and the leases given were evidently made with reference to it; and, this being the manifest intention of all the parties, no rule of law stands in the way of giving that intention full effect. In Spies v. Damm, 54 How. Pr. 293, this court enjoined the tenant of the store floor from covering the grating in front of his premises with a showcase, on the ground that it cut off the light from the tenant of the basement, and infringed upon one of the rights or incidents of his demise. In Underwood v. Burrows, 7 Car. & P. 26, it appeared that the plaintiff rented two rooms on the second floor of the defendant's house. There was a water-closet, knocker, skylight, etc. Subsequently the defendant took up the water-closet and darkened the skylight, and plaintiff brought an action on the case. The defendant offered to show that nothing was said about these things at the time of the demise. Lord Abinger, C. B., rejected the evidence, saying they spoke for themselves. They were there when the rooms were rented, and were accessories to their enjoyment, and the tenant had the right to have them remain, excepting they were specially excepted in the lease to him. The same principle applies to the rights of tenants to use the yard, coal bins, and other incidents of a tenement house, all of which are matters of common familiarity. In Morgan v. Smith, 5 Hun, 220, the court held that "the skylight constructed for the use of the store leased by plaintiff to the defendants was an appurtenance to the demised premises. The right to enjoy its use passed under the lease." Other cases are to the same general effect. The defendant Breese and his visitors have the undoubted right to walk over the floor lights as part of the floor of the servient tenement, but he cannot cover these lights permanently with carpet or matting, so as to forever shut out the light that might otherwise find its way to the floor below, for this is clearly contrary to the spirit and intent of the demise under which he holds, and unlawfully infringes upon the rights of the plaintiffs as occupants of the basement. The defendant had no power to extinguish or impair the plaintiffs' easement, which is a valuable right under protection of the law. The plaintiffs are therefore entitled to a mandatory injunction restraining the defendants from continuing the wrong complained of. Judgment accordingly, with costs.