FRED A. MILLER ET AL., APPELLEES, V. FITZ GERALD DRY-
GOODS COMPANY ET AL., APPELLANTS.

FILED JUNE 19, 1901.   No. 9,718.

Commissioner's opinion, Department No. 2.

1. **Lease of Part of Building.** A lease of a part of a building passes
with it as incident thereto everything necessarily used with, or
reasonably necessary to, the enjoyment of the part demised.

2. ———: EASEMENT: STAIRWAY: ENTRYWAY. Where rooms in the
upper story of a building are leased to tenants for office pur-
poses, a right, in the nature of an easement, to the use of the
entryway and stairway leading to said upper story, by such
tenants and those having business with them, arises by impli-
cation.

3. **Obstruction of Stairway, Entryway, Street or Sidewalk.** A tenant
of the lower floor of such building has no right, either by rea-
son of his lease, or by reason of authorization of the land-
lord, to obstruct such stairway or the entryway or street or
sidewalk space immediately leading thereto, so as to prevent
or impede access to such rooms on the upper floor.

4. **Nuisance: INJUNCTION.** Such obstruction or attempted obstruction,
interfering with or impairing the easement of the tenants on
the upper floor, is in the nature of a nuisance, and may be en-
joined.

5. **Concealment of Sign.** Where by the terms of their tenancy such
tenants upon the upper floors are given the privilege of using
a portion of such building about or adjacent to the stairway
for signs, a tenant of the lower floor has no right to cover up
and conceal such signs either by virtue of his tenancy or by
authority from the landlord.

6. **Vacating Decree:** ABUSE OF DISCRETION: MISTAKE OF COUNSEL.
Where a cause is regularly set for trial and heard in its order,
the district court does not abuse its discretion in refusing to
set aside a decree rendered in the absence of one of the parties,
upon a showing that counsel were present when the cause was
set down for trial, but did not hear the court's announcement
to that effect.

APPEAL from the district court for Lancaster county.
Heard below before HOLMES, J.   Affirmed.

*C. H. Bane* and *Macfarland & Altschuler*, for appellants.

*Stevens & Cochran*, contra.

POUND, C.

This suit was brought by Miller and some sixteen others, tenants of office rooms on the second floor of a business and office building in the city of Lincoln, to enjoin the defendant, tenant of the ground floor, from erecting or maintaining certain show-cases and signs about and in front of portions of the stairway leading to the upper floors and the sides and faces of the columns on either side of the entry to such stairway. A decree was rendered perpetually enjoining the defendant from so doing, and the cause is here on appeal therefrom.

No bill of exceptions was preserved upon the main case, and we may take the facts found by the court to be undisputed. The court found that the sole means of access to the upper floor of said building from the street was by means of an entryway leading to the stairway in question and such stairway; that at the time the building was built sign-boards were placed upon the sides and faces of the columns on either side of such entryway abutting on the street in order to provide for the signs of tenants on the upper floors, and that by the terms of their tenancies the plaintiffs were using, and entitled to use, such sign-boards for that purpose. It was also found that the defendant, which was a tenant of the lower floor, had removed said sign-boards and was constructing certain show-cases or show-windows about said columns, extending into and occupying a portion of the entryway on each side and a portion of the sidewalk or street space in front of the stairway, and that such show-windows obstruct the entry and stairway and conceal and cover up the sides and faces of the columns used by plaintiffs for their signs. The decree enjoins the defendant from constructing or maintaining any such obstructions within the entryway or between the columns on either side thereof, or upon the sidewalk space immediately in front of the entryway or covering up the sides and faces of the columns.

Upon the facts as found, plaintiffs were clearly entitled

to an injunction. The lease of the office rooms on the upper floor included as incident thereto everything necessarily used with, or reasonably necessary to the use of, the offices leased. The case is not unlike that of a way of necessity. There was no means of access to the rooms except through the entryway and stairway, and an easement in the same for use by the plaintiffs and those having business with them was clearly implied from this circumstance and the obvious intent of the landlord in constructing the building as he did and leasing it as he did. Although a tenant may not acquire an easement against his landlord by prescription, the landlord may create easements in favor of the tenant, and in case of necessity they may be implied. Goddard, Easements [Am. ed.], 12, 14. Neither the landlord nor other tenants under him, either by virtue of their tenancy or under authority of the landlord, which was the claim of defendant in this case, had any right to obstruct the entryway or stairway so as to impede access to the rooms leased to plaintiffs; and any obstructions of that character, like any other interferences with easements, were nuisances and could be enjoined. *Spies v. Damm,* 54 How. Pr. [N. Y.], 293; *O'Neill v. Breese,* 3 Misc. Rep. [N.Y.], 219, 23 N.Y. Supp., 526. In *Spies v. Damm* a tenant of a basement was granted an injunction against a co-tenant who occupied the floor above, restraining the latter from maintaining a show-case which covered and obstructed an iron grating in front of the building through which light and air were supplied to the basement. In *O'Neill v. Breese* it was held that a tenant of a basement lighted by a so-called floor-light had an easement in such floor-light by implication, and might enjoin any obstruction of such light by tenants of the floor above. It can make no difference that in this case the landlord attempted to give the defendant authority to maintain the obstructions. He had no right to interfere with the plaintiffs' easement, and could give none to others.

With reference to the signs, the case is no less clear. The sign-boards had been provided specially to hold these

signs, and the court found that the plaintiffs were using, and entitled to use, them by the terms of their tenancy. The right to maintain the signs necessarily implied and carried with it the right to have them remain reasonably visible to passers-by. Neither the landlord nor other tenants, with or without his authority, had any right to conceal and cover them up. *Snyder v. Hersberg,* 11 Phil. [Pa.], 200.

After decree, an application was made to set it aside and for a new trial, for the reason that the defendant was not represented at the hearing, through misapprehension of counsel as to the date of trial. This was not one of the statutory grounds for a new trial, but was an application addressed to the discretion of the court to control its judgments during the term at which they are rendered. *Bradley v. Slater,* 58 Nebr., 554. We think there was no abuse of discretion in denying the application. The cause was called and set for trial in open court and taken up in its regular order. Counsel were present when it was so called and set down, but failed to hear or misapprehended the announcement of the order made. The business of the courts must move, and counsel must take notice of orders duly made and entered. Moreover, the affidavits in support of the application do not disclose any ground for belief that the presence of defendant or its witnesses would have contributed to a different result. We recommend that the decree be affirmed.

OLDHAM and SEDGWICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.