SAM SNYDER, Appellee, v. H. N. KULESH and ROSA KULESH, Appellants.

Landlord and tenant: LEASES: USE OF BUILDING FOR ADVERTISING. A lease of a business building covering ''the lower floor and shed of the brick building and also the basement,'' carries with it the right to a reasonable use of the outer columns or walls of the building for advertising the business of the lessees conducted within the building.

*Appeal from Pottawattamie District Court.*—HON. THOMAS ARTHUR, Judge.

SATURDAY, DECEMBER 13, 1913.

SUIT in equity to enjoin the defendants from erecting or painting a sign on one of the walls of a building which defendants had leased from plaintiff. The trial court granted the relief prayed, and defendants appeal.—*Reversed* and *Remanded.*

*A. W. Askwith,* for appellants.

*Saunders & Stuart,* for appellee.

DEEMER, J.—Plaintiff is the owner of a two-story, brick and stone building on one of the main streets of Council Bluffs, and in the year 1911 leased the defendants the first floor and basement of the building for the term of two years, with an option on their part to extend the term three years after the expiration of the one created by the lease. The premises were rented for a pawnshop, a jewelry, and firearms business. The building fronts on what is known as Broadway street, in Council Bluffs, and the entrance to the front room is near the middle of the building. On either side of the entrance there are plate glass windows, and on the outer side of each of the windows are stone columns, each from fourteen to eighteen inches wide, made to support the upper story and to hold the front in place. On the west side of the west column is a stairway leading to the upper story, and this stairway is a common one used not only for entrance to the second story of plaintiff's building, but also to the second story of an adjoining one; and one-half of this stairway is on plaintiff's property, the column on that side of the building being wholly on plaintiff's lot. Just before the commencement of this action, defendants were about to paint a sign, advertising their business, upon the west column, above described, and had employed a sign painter to paint one, some sixteen or eighteen inches square, when plaintiff commenced this action to

enjoin them from so doing. He claimed that defendants had no right to use the outside of his building, and secured a temporary injunction restraining them 'from painting any sign on the front of the building. The case was not presented to the lower court on the theory that the painting of the sign upon the column would greatly disfigure and damage the same, although in a reply plaintiff alleged that the use of black paint upon the stone column would mar the same, and further pleaded that defendants were proposing to erect or paint their sign for the purpose of injuring him, he being a competitor of theirs in business; and that he wished to use the column as a place for painting a sign of his own.

We are not advised as to the reason why the trial court entered the decree it did; for it certainly could not have been upon the theory that the painting of the sign, which defendants were proposing to put upon the column, would in any way injure, mar, or deface it. The record shows that this paint could easily have been removed from the stone at any time, without leaving any stains thereon. So that there is nothing upon which to base the claim of defacement. Plaintiff, before commencing the suit, said to several people that he rented the inside and not the outside of the building to the defendants, and that they had no right to put a sign upon any of the walls or columns. This may have been the basis of the decree, but it has no support either in fact or in law. The lease covered ''the lower floor and shed of the brick building and also the basement,'' and it was without any reservations or covenants which either expressly or impliedly prohibited the use of the walls or columns of the building in any manner not harmful to them or injurious to the building as a whole. Defendants had the right to reasonably use these columns or the walls of the building, if they were exposed, for the purpose of advertising their business, and should not be restrained from such use, unless it was unusual, unreasonable, or harmful. *Lowell v. Strahan,* 145 Mass. 1 (12 N. E. 401, 1 Am. St. Rep. 422); *Forbes v. Gorham,* 159 Mich. 291

(123 N. W. 1089, 25 L. R. A. (N. S.) 318, 134 Am. St. Rep. 718). Indeed, this proposition seems to be so fundamental that no authority need be cited in support thereof.

The lease of the lower floor, which, in the absence of reservation, covers the walls and supporting columns, gave the tenant the right to a reasonable use thereof for the purpose of advertising his business, so long as he did not permanently mar or deface the building; and, conceding arguendo that the landlord might use part of the space for the purpose of notifying his customers as to where he might be found, it does not follow that in so doing he might deprive his tenant of the reasonable use of the exposed walls or columns to advertise his own business. The sign which defendants proposed to have painted would not interfere with the landlord's use of it for any legitimate and proper purpose, and if it did we are not prepared to say on this record that plaintiff had a prior and superior right to the use of this column for the purpose of advertising his business. There was a sign over the entrance to the building notifying the public that plaintiff was in business in that building and the character thereof, and, while there is some testimony that defendants were not particular in directing customers to him, this did not deprive them of their right to a reasonable use of the building under their lease.

Plaintiff was not, under the showing made, entitled to a permanent injunction. On the contrary, his petition should have been dismissed.

The decree will therefore be and it is reversed, and the cause remanded.—*Reversed* and *Remanded.*

Weaver, C. J., and Gaynor and Withrow, JJ., concur.