BEE BUILDING COMPANY, APPELLANT, V. PETERS TRUST COMPANY ET AL., APPELLEES.

FILED JUNE 6, 1921. NO. 21622.

1. Appeal. A question not raised by the pleadings will not be considered on appeal by the supreme court.

2. Landlord and Tenant: USE OF PREMISES: SIGNS. A lessee, in the absence of restrictions, acquires the right to use all the premises, including both the outer and inner wall, for all purposes not inconsistent with the lease, and may place on the walls any sign or signs which work no injury to the freehold.

3. ———: ———: CHANGE OF NAME. The name of a building may be changed by a lessee, in the absence of a restrictive provision in the lease, and in a manner not damaging to the freehold, unless a contrary intention appears from the instrument as a whole.

4. ———: ———: ———. Where a 99-year lease provides conditions whereby the lessee may purchase the property, or remove the old and erect one or more new buildings, the right of the lessee to change the name of the old building at his election will be implied.

5. ———: ———: ———: INJUNCTION. An injunction will not issue, commanding a lessee to restore to a building a panel bearing its name, where the lease provides that the lessee may, at will, make changes in the building to enhance rentals, although the removal of the name neither increased nor decreased the rental rate.

6 Waste. "Waste is a destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person rightfully in possession, but who has

not the fee title or the full estate." *Hayman v. Rownd*, 82 Neb. 598.

7. **Contracts: Construction.** The rule that courts will construe a contract more strongly against the party by whom it was drafted, and who had time to select language with a view to his own interest, has no application to a contract executed with care by the aid and approval of the attorney for each party to the contract.

Appeal from the district court for Douglas county: Arthur C. Wakeley, Judge. *Affirmed.*

*Rosewater & Cotner,* for appellant.

*Stout, Rose, Wells & Martin,* contra.

Heard before Letton, Day and Dean, JJ., Shepherd and Stewart, District Judges.

Stewart, District Judge.

Suit to enjoin defendants from tearing down a parapet wall, and from changing the name of the "Bee Building," in the city of Omaha. From a judgment of dismissal the plaintiff appeals. All parties to the suit are Nebraska corporations, and the case was submitted upon the pleadings, arguments, and agreed state of facts.

February 1, 1917, the Bee Building Company leased the premises in question to the Keystone Investment Company for 99 years, at the rate of $35,950 per annum. Subsequently the Peters Trust Company acquired all the capital stock of the Keystone Investment Company for $181,000, and assumed control of the demised premises. The trust company was threatening to, and later did, partially dismantle and rebuild a 17-inch parapet wall which was about 50 feet long and 6 feet high above the roof line of said building, thereby eliminating a panel, facing Farnam street, and over the main entrance containing the words, "The Bee Building."

Appellant prays in its petition that the appellees be perpetually enjoined from removing the name, "The Bee Building," and from placing any other name thereover, or from defacing the building around said name, and from

changing the name to the Peters Trust Company Building, and for general relief.

Appellant states in its brief that the object of this suit is to prevent the defendants from removing the south parapet wall of "The Bee Building," and from changing the name of "The Bee Building."

The lease provides that permanent alterations and improvements should be made within three years of its date, to cost not less than $75,000, in accordance with plans to be approved by the lessor. Pursuant to this requirement said trust company expended about $300,000 modernizing the building and constructing a banking room on the ground floor for a permanent home for said trust company and the Peters Joint Stock Land Bank. Consent of the lessor to any acts under the lease are not required by its terms, except as to making permanent alterations and improvements and to the assignment of the lease. The trust company complied with the first requisite. However, no mention was made, in the plans approved, of the words, "The Bee Building," or of said parapet wall. No assignment of the lease has been made. The legal capacity of the trust company to acquire the capital stock of said Keystone company, and incidentally its ownership, not having been raised by the pleadings, will not be considered here. *Mauzy v. Hinrichs*, 89 Neb. 280.

The lease provides: "That the lessee shall not be prevented by any of the foregoing provisions of this lease from making such changes from time to time in the building on the premises, as shall be found necessary in order to secure the best rental results." This provision of the lease confers the right upon the lessee to make changes in the building without the consent of the lessor, "in order to secure the best rental results." This right is not limited by the restrictive phrase, "and the value of the premises," contained in the provision relating to permanent improvements to be made in three years with the approval of the lessor. The testimony shows that the changes in

the parapet wall did not increase or decrease the rental value of the building. The fact that the change proved ineffectual to enhance rentals is not controlling, when it appears no injury was sustained. *Wakefield v. Wakefield,* 97 Neb. 652; *Stephenson v. Murdock,* 88 Neb. 796.

Has a lessee the right, as an incident to a lease, in the absence of express provisions, to abandon or change the name of the leased building? We have been cited no authority bearing directly upon the question, nor have we been able to find one. It is a general rule that a tenant has the right to everything reasonably necessary to the use and enjoyment of the demised premises. *Miller v. Fitzgerald Dry Goods Co.,* 62 Neb. 270; *Herpolsheimer v. Funke,* 1 Neb. (Unof.) 471; *Kitchen Bros. Hotel Co. v. Philbin,* 2 Neb. (Unof.) 340.

In 1 Tiffany, Landlord and Tenant, 271, it is said: "A lease of a part of a building *prima facie* passes the outer wall adjacent to the rooms or apartment named as a part of the premises leased, and consequently the lessee has the exclusive right to use such wall for advertising purposes."

In *Forbes v. Gorman,* 123 N. W. 1089 (159 Mich. 291), the syllabus reads: "A lessee, in the absence of restrictions, acquires the right to use all of the premises, including the walls, both outer and inner, for all purposes not inconsistent with the lease, and may put any sign or signs on the walls which work no injury to the freehold." To the same effect are *Riddle v. Littlefield,* 53 N. H. 503, and *Lowell v. Strahan,* 145 Mass. 1.

Nims, Unfair Competition and Trade Marks (2d ed.) sec. 21, declares that a buyer, or one who acquires the right to occupy buildings, will have the right to use the name attaching thereto, in the absence of very explicit contract.

It is apparent that the trust company has the right to retain the name in question. It is equally clear that the Bee Building Company is without right to remove or use it without the consent of, or the abandonment of its use by, the lessee. It is stipulated that the right to change

said name to "The Peters Trust Building Company" is a valuable asset to said trust company. Under the facts and circumstances shown by the evidence the Peters Trust Company has the implied right to eliminate the name in controversy from the parapet wall of said building in any manner not detrimental to the freehold. Bearing upon appellant's right to maintain the name, "The Bee Building," cases are cited as follows: *Booth v. Jarrett & Palmer,* 52 How. Pr. (N. Y.) 169; *Sieward v. Denechaud,* 120 La. Ann. 720; *Pepper v. Labrot,* 8 Fed. 29; *Armstrong v. Kleinhaus & Simonson,* 82 Ky. 303.

The lease further provided that, upon giving sufficient security for the construction of a new building or buildings to cost at least $250,000, the lessee might, any time during the term, remove said building. Said lease also gave the lessee an option to purchase the premises on specified terms and contracts. The contention that the lessee could not change nor obscure the words "The Bee Building" from public view is repugnant to the rights granted to purchase the whole property, or to remove all buildings. Appellant seeks to prevent the possible happening of an event which it provided by contract might occur.

Said lease provided: "It is expressly agreed that no buildings upon said premises shall at any time suffer waste, but the same and the appurtenances thereto shall be kept in good order and repair by the lessee."

The testimony shows that said wall over the main entrance to the building was out of line, and out of perpendicular about two inches; that the changes in said wall were not necessary to make it safe, but were necessary to restore it to perpendicular and perfect alignment, and that it could have been temporarily repaired by filling spaces between the brick with cement mortar.

It was lessee's duty to keep the premises in good order and repair. Restoring said wall to its former condition was reparation, rather than reconstruction, and did not constitute waste. In *Hayman v. Rownd,* 82 Neb. 598, this

court defined waste as follows: "Waste is a destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person rightfully in possession, but who has not the fee title or the full estate." To the same effect is *Fawn Lake Ranch Co. v. Cumbow*, 102 Neb. 288.

The rule that a written contract will be most strictly construed against the party drafting it has no application to a case where it appears that in its execution both parties were represented by their attorneys, who approved the lease.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.