J. E. McDermott, Appellee, v. Edward C. Amend et al.,
Appellants.

LANDLORD AND TENANT: Use of Outside Wall. A tenant has a right to the use of the *outside* wall of leased premises, and may devote such wall to any proper and nonharmful use, even though, *when he became such tenant*, such wall was not exposed, but later became exposed by a shortening of an adjoining building.

*Appeal from Polk District Court.*—Lawrence De Graff, Judge.

JUNE 25, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION to enjoin the defendants from maintaining signs upon the outside wall of a building occupied by the plaintiff as a tenant. The injunction prayed for was granted, and the defendants appeal. The facts are stated in the opinion.—*Affirmed.*

*B. J. Cavanagh,* for appellants.

*Sullivan & Sullivan,* for appellee.

FAVILLE, J.—On the 23d day of March, 1912, the appellee leased the storerooms and basements thereunder, located at what is known as "612-614-616 West Grand Avenue," in the city of Des Moines. Subsequently, the appellants Amend and Jenkins obtained a lease for 99 years upon said premises, and on or about the 28th day of June, 1918, executed a new lease with the appellee on the same premises. West of and adjacent to the storeroom designated as No. 616 is a brick building occupied by the appellant Kahn. It is also included in the 99-year lease held by the appellants Amend and Jenkins. At the time the leases to the appellee were executed, there was a stairway on the west side of Room No. 616, the entrance to which was even with the front line of said buildings. It was intended that the front of all of said rooms should be changed, in order to widen the street, and provision was made that the lessor could change the front of said rooms by reducing the length of the rooms seven feet. No change in this regard, however, was made in the three rooms occupied by the appellee, but the room known as No. 618, occupied by appellant Kahn, was so changed, and the front of the said room was set back from the line of the sidewalk seven feet. This left exposed to the street seven feet of the wall that had formerly been in the stairway. · The situation was the same as if the room No. 618, occupied by Kahn, had been pulled back from the street seven feet, leaving that much space of the wall of No. 616 projecting. After the building had been so remodeled, the appellants painted upon this seven-foot space of wall, so exposed by the change of the front of No. 618, large and attrac-

tive signs, and also, in addition, erected a swinging sign upon the front wall of the north side, and in front of the building occupied by the appellee. This action was brought to enjoin the appellants from maintaining said signs.

The appellants contend that the wall in question was the inside wall of the stairway of the building No. 618, occupied by the appellant Kahn; that, when the front of the building was changed by moving the same inward, and the seven feet of wall was exposed, the appellants still retained the right to use said wall, and place advertising signs thereon.

It is the contention of the appellee that, when he rented the building No. 616, he rented the inside wall and the outside wall; and that, when the wall which was included in the stairway was exposed as an outside wall, and was no longer used either as a stairway or in connection with the use of No. 618, thereupon the appellee had the right to use said wall for any proper purpose he desired, as an outside wall of the rooms rented by him.

We think that, when the room No. 618 was remodeled, and the front of said building was placed back seven feet, and by reason thereof exposed that much space of the outside wall of the building No. 616, the appellants had no right to the use of the wall so exposed, for purposes of advertising. The law applicable to a situation of this kind was under consideration by us in the case of *Snyder v. Kulesh*, 163 Iowa 748, in which case we said:

"Defendants had the right to reasonably use these columns or the walls of the building, if they were exposed, for the purpose of advertising their business, and should not be restrained from such use, unless it was unusual, unreasonable, or harmful. *Lowell v. Strahan*, 145 Mass. 1 (12 N. E. 401, 1 Am. St. Rep. 422); *Forbes v. Gorham*, 159 Mich. 291 (123 N. W. 1089, 25 L. R. A. [N. S.] 318, 134 Am. St. Rep. 718). Indeed, this proposition seems to be so fundamental that no authority need be cited in support thereof."

It is true that, in the instant case, the wall in question was not exposed as an outside wall at the time that the appellee leased the premises, but we think that makes no difference in the application of the rule. It must undoubtedly be true that, when the appellee leased this building, he leased the walls there-

of, both inside and outside, for such purposes as were consistent with the use for which it was rented. He could not mar, disfigure, or improperly use the outside walls, but, subject to proper limitations, he had a right to use them. No question of rights to a party wall or of lateral support or any similar matter is here involved. The sole question is whether or not, when the wall was so exposed by the change in the front of No. 618, the owner or the tenants of these premises could use the outside of the wall of No. 616. We think it makes no difference in regard to the rights of the appellee whether this wall was originally exposed as an outside wall, at the time of leasing the premises, or whether it became an outside wall by change in the conditions of the adjacent property. If the building at No. 618 had been destroyed by fire, the owner or tenant of the premises would have had no right to go upon the then exposed outside wall of No. 616 and place advertising signs. No different rule should obtain because a portion of the outside wall of No. 616 was exposed, instead of the whole thereof. That the lessee of a building has a right to the use and occupation of the outer walls thereof for the purpose of posting bills and notices thereon, provided the same is done in a manner that is not harmful or injurious to the building, is well recognized and supported by the authorities. *Snyder v. Kulesh*, supra; *Lowell v. Strahan*, 145 Mass. 1 (12 N. E. 401); *Forbes v. Gorman*, 159 Mich. 291 (123 N. W. 1089); *Riddle v. Littlefield*, 53 N. H. 503 (16 Am. Rep. 388); *Salinger v. North Am. W. M. Co.*, 70 W. Va. 151 (73 S. E. 312); *Willoughby v. Lawrence*, 116 Ill. 11 (4 N. E. 356).

The decree of the lower court is correct, and it is—*Affirmed.*

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.

DE GRAFF, J., takes no part.