RUTHANN CORP., Landlord, *v.* ALBERTA ADLER et al., Tenants.

Municipal Court of the City of New York, Borough of The Bronx, February 7, 1950.

*Hyman B. Jackson* for landlord.

*Alberta Adler* and another, tenants in person.

QUINN, J. This is a summary proceeding under subdivision 4 of section 1411 of the Civil Practice Act.

The landlord is the owner of a dwelling known as 3415 Knox Place, Borough of the Bronx. Respondents are tenants of a fifth-floor apartment in the premises. It is conceded that the respondents are lawfully in possession of the apartment, having come into the same under the terms of a written lease.

The petitioner seeks to recover possession of the outside portion of one of the living room windows of tenants' apartment on which the respondents have installed an arrangement of metal bars, known as a television aerial. It is the contention of the petitioner that to the extent in which this arrangement of metal bars touches the outside portion of the tenants' window there is a squatting or intrusion within the meaning of the statute.

The window in question is the usual rectangular opening in the wall of the building, fitted with a frame holding movable sashes containing panes of transparent glass. In depth the window extends from the outer surface or facade of the building, to the inner surface of the walls of tenants' apartment. It fronts on a legally opened street. It existed at the time the tenants came into possession of the apartment under the lease. Its ordinary, most obvious purpose is to give the tenants immediate access to the easement in light and air enjoyed by lands in private ownership abutting the public way. To give full effect to this palpable purpose the tenants must be deemed to have a possessory right in every part of the window, throughout its length, breadth and depth; from its inner perimeter to its outer perimeter and all that lies between. This possessory right is not at the whim or mere license of the landlord. It is an inseparable part of the original demise under the lease, even though not specifically mentioned. (*Doyle* v. *Lord,* 64 N. Y. 432, 437; *Hall* v. *Irvin,* 78 App. Div. 107; *Hamilton* v. *Graybill,* 19 Misc. 521; *O'Neil* v. *Breese,* 3 Misc. 219, and cases cited.)

The respondents having lawfully come into possession of the entire window embrasure, for any purpose, cannot be regarded as squatters or intruders in the sense in which those words are used in the statute: "A squatter is one who settles on the lands of another without any legal authority". (*Williams* v. *Alt,* 226 N. Y. 283, 290.)

The respondents' original entry upon the premises (including the window in question) having been lawful, they cannot be said to have intruded or squatted on any part of the premises within the provisions of subdivision 4 of section 1411 of the Civil

Practice Act. (*Brooks* v. *Brooks*, 146 Misc. 335.) The respondents having entered into possession lawfully, the fact that thereafter their possession constitutes a breach of the lease is wholly immaterial so far as this proceeding is concerned. (*Frazier* v. *Cropsey*, 124 Misc. 367.)

It is urged by petitioner that summary proceedings should be sustained in this case because of impelling considerations of expediency. A similar argument was rejected in the case of *Williams* v. *Alt* (*supra,* p. 291) on the ground that " The court has no power or authority to sustain a proceeding not within the statutory provisions.''

It well may be that the act of the respondents in installing a window-television-aerial constitutes a violation of the Administrative Code of the City of New York and a breach of the provisions of the lease prohibiting the use of the windows of tenants' apartment for certain purposes. If such be the case the landlord has a number of remedies, but this proceeding, based on the precise ground of a " squatting or intrusion ", is not among them.

Assuming the tenants have deviated from the use and purpose for which they were granted possession in any or all of the parts or incidents of the premises, nevertheless their original entry into possession having been by lawful authority they are not squatters or intruders as to any part or incident.

The landlord having failed to establish the elements necessary, under subdivision 4 of section 1411 of the Civil Practice Act, to entitle it to the relief demanded in the petition, a final order is granted for the tenants, dismissing the petition on the merits.