PRICE REALTY CO., APPELLANT, V. AIRPORT AUTHORITY OF THE CITY OF LINCOLN ET AL., APPELLEES.

124 N. W. 2d 207

Filed November 1, 1963. No. 35433.

Davis, Thone, Bailey & Polsky, for appellant.

Barney, Carter & Buchholz, Healey & Healey, Harvey L. Goth, Ralph D. Nelson, Henry L. Holst, and Hal Hasselbalch, for appellees.

Heard before MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action instituted by Price Realty, Inc., true name found by the judgment to be Price Realty Co., a Nebraska corporation, plaintiff and appellant, against Airport Authority of the City of Lincoln, Nebraska, Airport Parking Company, and the City of Lincoln, Nebraska, defendants and appellees, in which the plaintiff prayed for judgment against the defendants and each of them adjudging that the plaintiff have an easement for parking in an area of ground adjacent to and located west, southwest, and northwest of the Terminal Building belonging to the defendant City of Lincoln and operated for parking purposes by the defendant Airport Authority and the defendant Airport Parking Company; that the defendants be prohibited from making charges for parking in the area; and for damages on account of failure to allow use of the area without charge to the plaintiff and its customers of an eating place or restaurant for service to the public which was at a location in the Terminal Building leased and used by the plaintiff for the operation of the restaurant.

There was a joinder of issue on the matters tendered by the petition, a trial was had to the court, and judgment was rendered against the plaintiff and in favor of the defendants. Specifically it was adjudicated that there was no basis in fact or law for injunction; that there was no right to a recovery of damages against any of the defendants; that the parking lot was not an appurtenance to the plaintiff's leasehold; and that its use was not so necessary to the beneficial enjoyment of plaintiff's leasehold interest as to constitute an implied easement therein.

The plaintiff duly filed a motion for new trial which was overruled. From the order overruling the motion for new trial and the judgment the plaintiff has appealed.

The lease in question was one in which the defendant Airport Authority was lessor and the plaintiff Price Realty Co. was lessee. In the language of the plaintiff in its brief the matter involved in the case is stated as follows: "The question involved was whether the lease between the Plaintiff, Price Realty Co., and the Defendant, Airport Authority, passed with it as incident thereto an easement in the adjacent parking lot for customer use." The brief also points out that this issue and the matter of damages, if it had been deprived of this right, were the only two issues tried.

As grounds for reversal the plaintiff asserted by assignments of error (1) that the court erred in finding for the defendants and against the plaintiff; (2) that the court erred in entering judgment for the defendants and against the plaintiff; and (3) that the court erred in finding and deciding that the plaintiff had no easement by necessity in the parking lot.

From the full purport of these assignments of error and the declaration of issues it becomes clear that but one question is presented for consideration. The question is that of whether or not the plaintiff had an easement by necessity in the parking lot.

The facts upon which the determination in this case must be made are not in dispute. They are, to the extent necessary to set them out here, that the plaintiff is a corporation engaged in the ownership and leasing of premises wherein, among other things, it operates places of business to furnish foods and refreshment for purchase by people who desire these services. The business engaged in is commonly referred to as restaurant business.

The defendant Airport Authority is an entity created under authority of law to control the property and facilities of what is commonly known as the Lincoln, Nebraska, Municipal Airport. The title to this municipal airport is in the defendant City of Lincoln, Nebraska, but sole control thereof is in the Airport Authority.

The defendant Airport Parking Company is a corporation which has a lease from the Airport Authority which permits it to use a portion of the land area owned by the City of Lincoln and controlled by the Airport Authority as a parking lot for automobiles and to charge fees therefor.

On the land area controlled by the Airport Authority are structures including what is commonly known as the Airport Terminal Building. The purpose of this building is to provide facilities for the operation of the airport and the welfare of the employees and of the traveling public. Portions of the building are allocated to particular functions and purposes, some of which are allocated under lease to the occupants. Some of the occupants, under right of occupancy in the building, have special rights in the area outside the building for the parking of their motor vehicles, but none, including the plaintiff, have any other or additional parking rights.

On June 23, 1960, the plaintiff became an occupant of a particular portion of the building under a written lease from the Airport Authority. The lease was entered into pursuant to an offer or bid made by the plaintiff. The lease was of a specifically described area and appurtenances within the building. No reference was contained to any appurtenance or right outside and beyond the building except the rights of ingress and egress to the leased area. There was evidence however of right of the placement of vehicles of the plaintiff, its employees, and those furnishing service to and for it beyond the leased area.

There are land areas to the east, south, southwest, and northwest of the Terminal Building. The main entrance to this building is on the south side. This provides the ingress and egress for the public to the building and for the plaintiff and its patrons to the area leased.

In this case there is no contention that there has been any interference with the ingress or egress facilities or with vehicular approach or departure or the parking

of automobiles used in connection with operation under the lease by plaintiff.

Within these areas is an area which is not described in or generally referred to in the lease and which is separated from the described leased premises, the dimensions of which are approximately 325 feet east and west and 200 feet north and south which had been used and occupied by officers, employees, agents, and patrons of the lessee of the leased area and which belonged to the defendant City of Lincoln and had been used by the defendant Airport Authority for the purpose of parking automobiles. It is this described area that is of concern in this case. It appears that in this described area there was space for the parking of approximately 85 automobiles.

On June 29, 1960, this area was leased to the Airport Parking Company with permission to it to make charges for parking therein, the effect of which was to prohibit its use free to customers of the plaintiff at its leased facility in the Terminal Building.

Before and for a short time after the lease to plaintiff was entered into the area was without restriction or restraint used by the customers of this lessee and previous lessees for the parking of automobiles, but without a grant or declaration of authority from any source.

The lease makes no mention of this area as an appurtenance of any kind or character of the leased premises, and also and in particular, it is not mentioned as an area for the use of the customers of the plaintiff.

At no time prior to the execution of the lease, nor at the time, nor at any time thereafter, was there any representation that the area was subject to use for a fee until after the lease to the Airport Parking Company pursuant to which it took steps to exact a charge for the parking of automobiles thereon. In fact according to the testimony of the chief officer and representative of the plaintiff the lease was signed without reading and without any conversation with anyone representing

any of the defendants with reference to this subject, and further, no representation was ever made from which any reasonable inference could flow that this area was an appurtenance of the lease for use as a parking lot.

Further the plaintiff does not claim that there was any fraud, misrepresentation, or overreaching in anything that was said by anyone representing any of the defendants as an inducement to the execution of the lease.

The claim of right to an easement and damages is predicated on the knowledge that customers of this lessee and previous lessees of the premises leased had been permitted to park automobiles without charge in this area, and after the Airport Parking Company started operation they were not allowed to do so, in consequence of which the business of the plaintiff was reduced to below what it otherwise would have been, and on account thereof the plaintiff suffered damage. Thus what the plaintiff is claiming here is an implied easement.

That an easement may be created by implication there is no question. The parties are agreed on this question. They cite some of the same Nebraska cases to support this and also to support their conflicting views as to whether or not there was created here an easement by implication. Cases cited are Miller v. Fitz Gerald Dry Goods Co., 62 Neb. 270, 86 N. W. 1078; Herpolsheimer v. Funke, 1 Neb. (Unoff.) 471, 95 N. W. 688; Kitchen Bros. Hotel Co. v. Philbin, 2 Neb. (Unoff.) 340, 96 N. W. 487; Hansen v. Smikahl, 173 Neb. 309, 113 N. W. 2d 210. Another Nebraska case having a bearing on the matter is Bee Building Co. v. Peters Trust Co., 106 Neb. 294, 183 N. W. 302. In Restatement, Property, § 474, p. 2972 et seq., is an exhaustive discussion of the subject of creation of implied easements and the essential elements and incidents necessary to their creation.

It appears from a consideration of these cases and the discussion to which reference is made that many things may and should be considered in the determination of

whether or not the right to an easement has been established in any particular case.

From all of this it must appear either that there is an element of necessity, or an implication of grant must be shown to flow from what has been said or done, or both, in order that there may be awarded an easement by implication.

In this instance there is no evidence of an act of any party from which an implication of grant could flow. If therefore the observations contained in the cases and commentaries are to be accepted then the right of plaintiff, if it is entitled to an easement, must flow from some legally recognizable necessity under the circumstances.

From the commentaries it appears that desirability, value, or benefit, alone or all of them together, are not sufficient to justify a grant of an easement flowing from implication. The evidence indicates that an easement in this instance would be desirable, of probable value, and beneficial to the plaintiff in the operation of its business on the leased premises. This however does not, in the application of the inferences flowing from the observations which are made in the commentaries to which reference has been made, bring the situation here within the purview of necessity.

The necessity in such an instance as this has reference to operation relating directly to the functions to be performed on the premises. In this instance necessity relates only to operation of the restaurant as such. Something outside and in no way connected with operation, but which, as is true here, may reasonably be regarded only as an attraction of customers or patrons, may not be declared in the sense involved here a necessity.

This being true the plaintiff is not entitled to an easement for use of the area in question. The judgment of the district court is therefore affirmed.

AFFIRMED.

SPENCER, J., dissenting.

It seems to me that under the evidence herein, a parking facility is essential to the successful operation of plaintiff's restaurant at the particular location involved. In that respect, I would hold the parking facility to be appurtenant to the restaurant facility. The parking facility in question had been used by customers of plaintiff's predecessor without charge. This fact was generally known. The president of the plaintiff was negligent in not reading the lease before he signed it, and in not insisting that a parking facility be specifically included. In plaintiff's defense it might be said it would not expect a governmental agency to divide the facilities under the peculiar facts in this case and not inform the bidders on the restaurant facility that free parking would no longer be available in the only parking space which could be used by restaurant customers.

Plaintiff's lease was executed June 23, 1960. The parking lease was executed June 29, 1960. While defendants did not misrepresent the lease in any way, it seems to me that a measure of sharp practice is involved in not disclosing the fact that the parking facility was to be separately leased. It is very possible this would have made it more difficult to lease the restaurant facility, or at the very best would have resulted in a less favorable lease. Defendants could not help but know that plaintiff's bid was based on the premise that the parking lot was included.

I feel there was a duty to make this disclosure.