## Stephen O. Bennett v. Morris Seligman and another.

*Stairway: Common right: Signs: Reasonableness: Injunction.* The right of one of two proprietors of a common stairway between two adjoining buildings, to the use of the wall along the stairway for putting up business signs of his tenants of the upper rooms, is to be limited by what is reasonable and customary in that regard; and this limitation cannot be definitely determined in advance or defined with reasonable certainty; and it is therefore not a fit subject for regulation by injunction.

*Heard October 12.     Decided October 26.*

Appeal in Chancery from Kalamazoo Circuit.

*May, Buck & Powers,* for complainant.

*Balch & Howard,* for defendants.

COOLEY, J:

Complainant and the defendant Jane Seligman are owners of adjoining village lots in Kalamazoo, upon which they have severally erected stores. Between the stores is a staircase erected by Mrs. Seligman, and in which complainant has a perpetual easement. He desires to rent the upper rooms over his store to professional men and others who are accustomed to advertise their business by signs, and he claims a right to allow them to place the signs upon the wall along the stairway. He complains that defendants deny their right to do so, and Morris Seligman, who is the husband of the other defendant, threatens to tear down any that may be put up, and in the case of one tenant has done so. The consequence is that complainant is greatly hindered and prevented from renting his upper rooms, and sustains great loss and damage thereby. And he prays that Morris Seligman, who is now the occupant of his wife's store, may be enjoined "from annoying, hindering, disturbing, or in any way interfering with" the enjoyment and use of the stairs by complainant and his tenants, "and from tearing down,

BENNETT *v.* SELIGMAN.

removing, or in any way injuring or disturbing any sign or signs" which complainant or his tenants may put up.

The bill makes out no case against Mrs. Seligman, and was properly dismissed as to her. There are some difficulties in the way of sustaining it against the husband. It is not shown how he occupied the store, whether in any other right than that of his· wife; and if his occupation is only by virtue of the marital relation, her rights are not to be affected by his lawless conduct, nor should they be brought in question until something done by her makes her subject to the process of the court. But there is a further difficulty which seems to us to be a justification of the action of the circuit court in refusing to issue a perpetual injunction. The right which was designed to be secured by it was a right the limits of which could not be determined in advance, so that an injunction would be more likely to breed litigation than to close it. Manifestly the court could not enjoin defendants from interfering with "any sign or signs" complainant or his lessees might put up along the common passage way. They might choose to put up such as from their size or what was upon them they could not be justified in erecting. Their right in this regard must be governed by what is customary and reasonable; they cannot go beyond this. But to issue an injunction in that indefinite form would be laying down no more certain rule than the law prescribes now; and a question might be raised for the court to decide in every instance in which a sign was proposed, whether it was reasonable and proper that it should be put up. We held in *Blanchard v. D., L. & L. M. R. R. Co., 31 Mich., 43,* that a specific performance could not be decreed of a contract to do something in the future where there was like difficulty in defining by the decree with reasonable certainty what was to be done; and that the party must be left to his action for the recovery of damages. The principle of that case is applicable here.

The decree will be affirmed, with costs.

The other Justices concurred.