## LAPPAN v. GLUNZ.

PARTY-WALLS—POSSESSION—AGREEMENT—CONSTRUCTION.

A party-wall agreement containing a covenant for peaceable possession in the builder, until such time as the co-owner shall make use of it in the construction of a building, does not entitle the builder to such absolute possession as will prevent the co-owner from using his side of the wall for advertising purposes.

Appeal from Wayne; Donovan, J. Submitted May 2, 1905. (Docket No. 125.) Decided June 29, 1905.

Bill by Ellen M. Lappan against Frederick C. Glunz to restrain the use of a party wall for advertising purposes. From a decree dismissing the bill, complainant appeals. Affirmed.

*Dohany & Dohany*, for complainant.

*Barbour & Field*, for defendant.

BLAIR, J. The complainant is the owner of the east half of lot No. 4, of block No. 2, of the Labrosse farm, in

the city of Detroit. Lot No. 4 lies on the north side of Michigan avenue, between Fifth and Sixth streets, and the front 60 feet of it is occupied by a double brick building three stories high. The ground floor of the building is divided into two stores, and the upper floors are flats occupied for dwelling house purposes. The east half of lot 4 is known as No. 316 Michigan avenue. The defendant occupies a building at 310 Michigan avenue which is three doors east of the complainant's building, and he also occupied the vacant space between 310 and 316 Michigan avenue, excepting a small brick coal office adjacent to 316 Michigan avenue. The defendant leases the above premises from the Christopher F. Huiss estate, and conducts a secondhand furniture and store fixture business. The east wall of complainant's three-story building is one foot thick, one-half of which occupies the east six inches of complainant's lot No. 4, and the other half of which occupies the west six inches of lot owned by the Huiss estate and leased to and occupied by the defendant. Prior to the construction of complainant's building, in 1878, an agreement was entered into, in writing, between Daniel Sullivan, now dead, who was complainant's father, and the preceding owner of lot 4, and Christopher F. Huiss, the owner of lot 5, wherein it was agreed:

"This Indenture made the 15th day of August, A. D. 1878, by and between Daniel Sullivan, of the first part, and Christopher F. Huiss, of the second part, both of the city of Detroit, Wayne county, Michigan.

" *Whereas*, said first party owns lot four and said second party lot five of block two, Labrosse Farm, on the north side of and abutting Michigan Avenue, in said city, county and State; and the said first party desires to construct a brick building upon his said lot and place one-half in thickness of the easterly wall thereof on the said lot of said second party, so that said wall will be in effect a partition wall between said parties and said lots, and both parties agreeing to all matters in the premises.

" Now, therefore, this indenture witnesseth:

" *First.* In consideration of the privilege of building as hereinafter stated on said second party's lot, the first party

hereby covenants and agrees to forthwith construct a good and substantial brick building, 65 feet, more or less, in depth, on his said lot, having an easterly side wall one foot in thickness, one-half of such wall to be on each of the said lots, one-half foot each way from the boundary line; that such construction shall be wholly at his expense, and that said second party shall have, his heirs, representatives, executors and assigns, the full undivided ownership of one-half of said wall, with all the rights for building purposes usually pertaining to partition walls; also that in case of the destruction or removal of said wall, the land of said second party covered thereby and the possession thereof shall revert to and belong to said second party, his heirs, representatives, executors and assigns, and they shall respectively have the right to assume and take the same as if this instrument had not been executed.

"*Second.* In consideration of the construction of said building by said first party, said second party hereby covenants and agrees that said first party may have peaceable possession of the westerly half foot of said lot for the depth of said building, measuring from the front line of said lot five (5) for the purpose of said building and wall, reserving to himself, however, his heirs, representatives, executors and assigns, the absolute right, in case of the destruction or removal of said building or wall, to immediately take possession of said half foot or strip of land, and control the same as if this indenture had not been executed.

"*Third.* It is mutually covenanted and understood that said wall, when constructed and as it progresses in construction without expense to said second party, his heirs or representatives, shall be the common property of both of said parties in equal proportions, and that said second party, his heirs and representatives, shall have full and unquestioned right to build thereto, and use the same according to the custom of partition walls."

Prior to the filing of complainant's bill in this cause, the defendant leased a portion of the east face of the wall to Fleischmann & Co. for advertising purposes, and threatened to place other advertising signs upon other portions thereof. Complainant filed her bill, praying for an injunction restraining the defendant from painting or causing to be painted any sign, color, advertisement, etc., on the wall, for the reason that the painting of signs on the

east wall greatly depreciated the rental value of her store and flats, thereby damaging her property in the sum of not less than $200. After issue had been joined and the case brought on for hearing, for the purpose of expediting the settlement of the parties' rights to the space on the wall, a stipulation was filed therein, and, after argument by counsel, a decree was entered dismissing complainant's bill. The object of the stipulation was to bring before the court the single question as to whether the complainant, under the agreement entered into in 1878, is entitled to the possession of the easterly half of the east wall of her building, to the extent that no person can paint signs thereon.

Complainant's counsel contend that the covenant for peaceable possession in the agreement entitled the complainant to the absolute, uninterrupted possession and control of the entire wall until the party of the second part made use of it in the construction of a building on the adjoining premises. We do not agree with this construction of the agreement. In our opinion, the general scope of the agreement is expressed in the last clause: "That said wall, when constructed and as it progresses in construction * * *, shall be the common property of both of said parties in equal proportions, and that said second party, his heirs and representatives, shall have full and unquestioned right to build thereto, and use the same according to the custom of partition walls." The bill of complaint alleges, as to the character of the intended sign, " that the said defendant threatens to paint a large sign on the front 30 feet of the east side of your oratrix's said wall, advertising his secondhand store fixtures, furniture, etc., for sale." The stipulation of facts contains the following statement, viz.:

"That defendant has used the outside wall for advertising purposes of his business, and has leased part of the space to Fleischmann & Co. and others, for advertising purposes, for the past nine years. That there are no windows or openings in the wall. That complainant and her grantors have never made a claim to said outside wall

to defendant until about January 1, 1903, or claimed that said defendant had no right to use said outside wall for advertising purposes, as tenant of said Huiss estate, or otherwise."

So far as appears, therefore, the proposed advertising signs would contain nothing in themselves of which the complainant would have a legal right to complain, and, in our opinion, the defendant had a right, under the agreement, to use the east face of the wall for proper advertising purposes. *Shiverick* v. *Gunning Co.*, 58 Neb. 29.

The decree of the court below was correct, and is affirmed, with costs.

MOORE, C. J., and CARPENTER, MCALVAY, and HOOKER, JJ., concurred.