CASE 61.—ACTION BY THE LOUISVILLE GUNNING SYSTEM
        AGAINST THOMAS F. PARKS FOR DAMAGES FOR
        PAINTING OUT A SIGN.—October 1.

## Louisville Gunning System v. Parks

Appeal from Jefferson Circuit Court.

C. P. Branch (2 Div.) THOS. R. GORDON, Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

Landlord and Tenant—Lease of Wall by Tenant for Advertising
    Purpose—Necessity for Landlord's Consent.—Under Ky. Stats.,
    1903, section 2292, providing that, unless the landlord consents
    in writing, a transfer by a tenant for a term less than two
    years of any interest in the premises shall forfeit the lease,
    a lease by such a tenant of a wall for advertising purposes,
    without the landlord's consent, was void as to the landlord;
    and, the painting of a sign upon the wall by the sublessee
    being unlawful, the sublessee is liable to the landlord for his
    damages.

JACOB SOLINGER, attorney for appellant.

1. An action for trespass "quare clausum fregit" cannot be maintained by the landlord where the property is in the lawful possession of a tenant at the time the trespass was committed.

2. A tenancy at will will be regarded as a tenancy from year to year where the premises have been occupied by the tenant for more than a year.

3. Where a landlord for sufficient consideration has parted with the possssion and use of his property to a tenant, the tenant is entitled to the use and occupation of the exterior walls as well as the interior walls of the demised premises.

4. The granting by a tenant to a third person of a privilege to use the walls of demised premises for sign purposes does not operate as a forfeiture of the demised premises to the landlord.

### AUTHORITIES.

Ky. Stats., section 2326; Squire v. Huff, 3 Marshall, 17; Irvine v. Scott, 85 Ky., 260; Waldon v. Conn, 84 Ky., 312; Blackstones Commentaries, 3d Book, p. 182; Taylor on Lanlord and Tenant, 4th Ed., p. 118; Aldridge v. Stuyvesant, 1 Halls N. Y. Rep., 214; Landlord and Tenant, vol. 18, Am. & Eng. Encyc. of Law (2d Ed.), p. 450; Ky. Stats., section 2361; Coppage v. Griffith, 19 Ky. Law Rep., 460; Meehan v. Edwards, 92 Ky., 574; Riddle v. Littlefield, 53 N. H., 503; Baldwin v. Morgan, 43 Hun (N. Y.), 355; Wood on Landlord & Tenant, 48; Lowell v. Strahan, 145 Mass., 1; H. J. Gunning Co. v. Cussach, 50 Ill. App., 290; Willouby v. Lawrence, 116 Ill., 11; Goldman v. N. Y. Advertising Co. (N. Y.), 29 Miss. Rep., 133; Ky. Stats., 2292; Reynolds v. Van Buren, 155 N. Y., 120; Sloan on Landlord and Tenant, 48.

JOHN S. JACKMAN, attorney for appellee.

### POINTS AND AUTHORITIES.

Landlord and Tenant.—A tenant at will, or by sufferance, or for a term less than two years, cannot lease a wall of the premises to a third person for advertising purposes without the consent of the landlord.   Section 2292 Ky. Stats.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Thomas E. Parks owned two adjoining lots on Walnut street in the city of Louisville. On each of them was a house which he rented to a tenant. One of the houses extended out to the sidewalk, and was occupied by one Herbert, a tailor, as a tailor shop and residence. The other one set back from the sidewalk 25 feet, and was occupied by one Ramsey, a tenant, as a residence only. The west wall of the Herbert house inclosed on the east the Ramsey yard. The wall was partially covered with vines and flowers. Herbert, without the consent of Parks, leased the wall to the Louisville Gunning System for advertising purposes. It sent its painters, who tore down the

vines and flowers and painted on the wall a large
sign advertising the Starr Dry Goods Company.
This advertisement is his front yard was an offense
to Ramsey, who complained to Parks. Parks de-
manded of the Louisville Gunning System that it
should paint the sign out. This it refused to do,
and he then had it painted out himself. It then insti-
tuted this action against him to recover $1,020 in
damages for painting out the sign; $20 being for the
original cost of painting it. He, by his answer, set
up a counterclaim against it for $1,020 in damages
for painting the sign on his wall without his consent;
$20 being for the cost of painting out the sign. On
the trial of the case, the court, in substance, instructed
the jury to find for Parks the cost of painting out
the sign. The jury found for him in the sum of $15.
Judgment was entered on the verdict, and the Louis-
ville Gunning System appeals.

Section 2292, Ky. St. 1903, is as follows: "Unless
the landlord consents thereto in writing, every assign-
ment, or transfer of his term or interest in the
premises, or any portion thereof, by one who is a
tenant at will or by sufferance, or who has a term less
than two years, shall operate a forfeiture to the land-
lord, who after having given the occupant ten days
written notice to quit, may re-enter and take posses-
sion, or may, by writ of forcible entry or detainer,
or the proper procedure, recover possession of the
premises from any occupant thereof, whoever he or
she may be."

The lease to Herbert was a renting by the month,
and under it he had a term less than two years. The
lease by him to the Louisville Gunning System of the
wall for advertising purposes was a transfer by him
of an interest in the premises or a portion of it, and,

being made without the consent of the landlord, operated as a forfeiture to the landlord by the terms of the statute. The purpose of the statute is to forbid such a transfer by the tenant without the consent of the landlord. The transfer, being forbidden by the statute, is void as to the landlord unless he consents to it. Of course, his consent may be given at the time, or it may be given afterward; but, unless he consents, the sub-tenant obtains no rights against him. The lease by Herbert of the wall to the Louisville Gunning System conferred upon it no rights as against Parks, and he had the right to paint out the sign which it had placed upon the wall. The painting of the sign upon the wall by the Louisville Gunning System being unlawful, it became liable to Parks for the damages he thereby sustained.

Judgment affirmed.