[L. A. No. 2639.   Department One.—May 18, 1911.]

## LAURA BROADS et al., Respondents, v. MEAD and COOK, Appellants.

LEASE OF UPPER STORIES OF BUILDING.—USE OF WALL FOR SIGNS—IN-JUNCTION AGAINST INTERFERENCE WITH USE.—The lessee of the upper stories of a building for a particular business, had the right to make a reasonable use of the front walls of the building for the purpose of advertising said business, and can enjoin other persons from placing signs upon or against it which would obstruct or interfere with such use.

ID.—LICENSE TO ERECT SIGNS.—Permission given by such a lessee for the erection of signs by a third person, not based upon any consideration, confers a mere license, revocable at the pleasure of the licensor.

ID.—ORAL AGREEMENT TO ERECT SIGNS—ASSIGNMENT OF LEASE.—Where such a lessee is holding under a written lease, an oral agreement between him and a third person, giving the latter the privilege of erecting signs on the wall, which is not acted upon by him prior to an assignment of the lease by the lessee, is rendered void by such assignment, as being a mere attempt to alter a written contract by an executory oral agreement.

ID.—INSUFFICIENT EVIDENCE OF EXECUTED LICENSE.—Evidence merely showing that the lessee was requested to allow the defendant's servants to go through her rooms to the front windows to enable them to place some signs in front of the building, she having no knowledge that the signs were to be hung on the walls of the stories leased by her, is insufficient to establish an executed and irrevocable license to so place the signs. Such a license was revocable, even if executed, if the licensee would suffer no substantial loss from the removal of the signs.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ABSENT WITNESS—FAILURE TO REQUEST POSTPONEMENT OF TRIAL.—A new trial, on the ground of newly discovered evidence, is properly refused, if the party moving therefor knew how the witness would testify before the trial, although his whereabouts was then unknown, but failed to make any application to postpone the trial so as to give an opportunity to find the witness and secure his attendance or deposition.

ID.—APPEAL—AFFIDAVIT NOT SHOWN TO HAVE BEEN USED ON HEARING.—On an appeal from an order refusing a new trial, an affidavit not made part of the statement used on the motion, and which does not appear from the record to have been read or used in support of the motion, or otherwise presented to the trial court for its consideration, cannot be considered.

FINDING OF NOMINAL DAMAGE—JUDGMENT FOR ONE HUNDRED DOLLARS.—A finding that the plaintiff has sustained only nominal damages for an injury complained of does not warrant a judgment for one hundred dollars.

ID.—INJUNCTION—COSTS OF SUCCESSFUL PLAINTIFF.—A succesful plaintiff, in an action for an injunction and for damages, is entitled to costs, although the damages awarded are only nominal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Ray Howard, for Appellants.

H. C. Millsap, Millsap & Sparks, and Sparks, Finkenstein & Moore, for Respondents.

SHAW, J.—Defendants appeal from the judgment and from an order denying their motion for a new trial.

Plaintiff, Laura Broads, was the lessee of the second and third stories of a three-story building on Spring Street in Los Angeles, the lease being in writing for a two-year term. Defendants were lessees of the first story. Plaintiff carried on a restaurant in the second story and occupied the third story as a place of residence. Defendants, in the first story, conducted a trunk store. One Boaz Duncan was the owner of the building and leased the premises to the respective parties. Defendants placed signs, advertising their trunk business, against the outside front wall of the second and third stories. This action was to enjoin them from maintaining said signs thereon and to recover the damages alleged to have been caused to plaintiff by the placing and maintaining of the same. Bernard Broads is the husband of Laura Broads and joins as plaintiff solely because of that fact. The court found the facts as above stated and also found that the signs were maintained on the front walls of the second and third stories for three months, that plaintiff was damaged thereby, but that said damages were only nominal. The judgment enjoined the further maintenance of the signs, and further declared that plaintiffs should recover of defendants one hundred dollars as damages.

Plaintiff, Laura Broads, had leased the premises for the purpose of carrying on a restaurant therein. She had the right to make a reasonable use of the front wall for the purpose of advertising said business. This clearly implies the right to keep it free for such use and to prevent other persons from placing signs upon or against it which would obstruct or interfere with such use by her. Her right to prevent the defendants from occupying her wall space with signs relating to their own business seems indisputable. The injunction was properly given.

Defendants claim that there was an oral agreement between the defendants, Duncan, and one Bergman, the original lessee

of the upper stories and the assignor of Laura Broads, giving defendants the privilege of placing their signs on the upper walls. The agreement was not carried out prior to the transfer by Bergman to Broads, and it was at that time void, being a mere attempt to alter a contract in writing by an executory oral agreement. It is not shown to have been based on any consideration whatever. Therefore, at most, it was nothing more than a license, revocable at the pleasure of the licensor.

It is further claimed that the signs were placed on plaintiff's wall with her consent, and that thereby the license became executed and irrevocable. The evidence merely shows that Mrs. Broads was requested to allow defendants' men to go through her rooms to the front windows to enable them to place some signs in front of the building. She was not told that the signs were to be hung upon the wall of the second or third stories, and there is no evidence that she was aware of their intention in that respect. A few days afterwards she demanded that they be removed. The evidence is not such as to require a finding that she knowingly consented to have them placed above the first story. Besides, there is no evidence that defendants were put to any expense in the matter. If they would suffer no substantial loss from the removal of the signs, the license was revocable, even if executed. (*Stoner* v. *Zucker*, 148 Cal. 518, [113 Am. St. Rep. 301, 83 Pac. 808].)

On motion for new trial defendants filed an affidavit showing that Bergman, whose whereabouts defendants had been previously unable to learn, had been discovered since the trial and would testify that the oral agreement had been made as claimed, and that Mrs. Broads had been informed of it before she bought the lease of Bergman. The affidavit shows that defendants, prior to the trial, knew that Bergman would so testify. Hence, it was not strictly newly discovered evidence. It is not shown or claimed that any application was made to postpone the trial so as to give an opportunity to discover Bergman and secure his attendance or deposition. A new trial was therefore properly refused (*Scanlan* v. *San Francisco*, 128 Cal. 589, [61 Pac. 271].) The affidavit was not made part of the statement used on motion for new trial. It does not appear from the record that it was read or used in support of the motion or otherwise presented to the court below for its consideration. Hence, it cannot be considered here in sup-

port of the appeal, even if it stated good grounds for a new trial.

The judgment for damages is not supported by the facts found. The finding is that the damages caused to the plaintiff by the signs were merely nominal. The conclusion of law on that subject is that the plaintiff have judgment for one hundred dollars as damages, and judgment was given for that sum. A finding of nominal damages only, does not warrant a judgment for one hundred dollars. The law does not regard trifles, and if the judgment were for a small sum avowedly as nominal damages, we might not be disposed to reverse or modify it. But one hundred dollars is a substantial recovery and does not come within the definition of nominal damages. (*Maher* v. *Wilson*, 139 Cal. 520, [73 Pac. 418].) One dollar is the amount usually adjudged where only nominal damages are allowed.

Plaintiff is entitled to costs of suit. There is no merit in the motion for a new trial.

The order denying the motion for new trial is affirmed. The judgment is modified by reducing the money judgment to the sum of one dollar, and as so modified, the judgment is affirmed. The defendants shall recover only one half of the costs of appeal.

Angellotti, J., and Sloss, J., concurred.