## Hilburn v. Huntsman, et al.

(Decided April 23, 1920.)

### Appeal from Allen Circuit Court.

1. Landlord and Tenant—Lease—Use of Outer Walls—Signs.—In the absence of a contrary provision in the lease, the lessee has the exclusive right to the use of the outside walls of the portion of the building covered by his lease, for advertising purposes, to the exclusion of a lessee of another part of the same building.

2. Landlord and Tenant—Lease—Use of Outer Walls—Signs.—The lessee of a part of a building has no right to occupy with signs, or for any other purpose, the outside walls not inclosing his part of the leased premises, and where there are different tenants of the several stories or floors of a building, the tenant of one story or floor has the right to prevent the tenant of another story or floor from placing signs upon the walls outside of his. story or floor.

3. Landlord and Tenant—Lease—Use of Outer Walls—Signs.—In the absence of restrictions in the lease, the landlord has no right to permit signs or advertisements of other parties to be placed

upon the outside walls of that portion of the building covered by the lease.

4.   Landlord and Tenant—Lease—Use of Outer Walls—Signs—Injunction.—The tenant of a lower story is not entitled to an injunction requiring the tenant of an upper story to remove a sign in the absence of a showing that the sign itself extends below the ceiling of the lower story.

F. R. GOAD and GOAD & DENTON for appellant.

NOEL F. HARPER for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On May 9, 1917, T. C. Hilburn rented from Mrs. W. A. Payne a store room in the town of Scottsville for the period of one year, with the privilege of five. In this room he conducts a store called "The Grand Leader." The upper part of the building is occupied by Huntsman & Dixon, who are engaged in the business of buying and selling oil leases. Across the front of the building is a lintel which is about sixteen feet long and fifteen inches wide. Four or five inches of the lintel extend below the ceiling of the store room occupied by Hilburn. The lintel is about four feet above a metal awning which extends over the sidewalk. Some months ago, Huntsman & Dixon had a sign painted on the lintel, for which they obtained the permission of the agent of the owner of the building. Thereupon, Hilburn brought suit against Huntsman & Dixon to require them to remove the sign, on the ground that they had trespassed on that portion of the building occupeid by him, and had seriously interfered with his business. Having been denied the relief prayed for, Hilburn appeals.

The principles of law governing a case of this kind are well settled. In the absence of a contrary provision in the lease, the lessee has the exclusive right to the use of the outside walls of the portion of the building covered by his lease, for advertising purposes, to the exclusion of a lessee of another part of the same building. Carlisle Cafe Co. v. Muse, 77 L. T. N. S. (Eng.) 515, 46 W. R. 107, 67 L. J. Ch. 53; 16 R. C. L., p. 734. On the other hand he has no right to occupy with signs, or for any other purpose, the outside walls not inclosing his part of the leased premises; Salinger v. North American Woolen Mills Co., 70 W. Va. 151, 73 S. E. 312, 39 L. R. A. (N. S.)

350; and where there are different tenants of the several stories or floors of a building, the tenant of one story or floor has the right to prevent the tenant of another story or floor from placing signs on the walls outside of his story or floor. 16 R. C. L., p. 734; Broads v. Mead, 159 Cal. 765, 116 Pac. 46, Ann Cas. 1912, C 1125. For the same reason the landlord, in the absence of restrictions in the lease, has no right to permit signs or advertisements of other parties to be placed upon the outside walls of that portion of the building covered by the lease. Forbes v. Gorman, 159 Mich. 291, 123 N. W. 1089, 134 A. S. R. 718, 25 L. R. A. (N. S.) 318. Here, there was no restriction as to the use of the premises by Hilburn. That being true, the case does not turn on the fact that Huntsman & Dixon obtained permission from the landlord to paint the sign on the lintel, but on whether the sign extends below the ceiling of the store room rented by Hilburn. While it was shown that the lintel extended below the ceiling some four or five inches, it was not made to appear that the sign itself extended below the ceiling. It follows that Hilburn did not show any right to injunctive relief.

Judgment affirmed.