## SMITH *et al.* v. JENSEN.

1. In the absence of an express provision to the contrary, the lease of a building for business purposes gives the lessee the exclusive right to the use of the outside walls of the building for advertising purposes.

(*a*) A tenant has the right to make reasonable use of the front walls of

the leased building, where he leases the entire building for such purposes; and he can put any sign or signs thereon which will work no injury to the freehold.

(b) The landlord in such a lease obtains no right to permit signs or advertisements of other persons to be put upon the walls of the leased building.

(c) Such a lease does not authorize the tenant to grant to strangers space on the walls or roof of the leased building for advertising purposes.

(d) The lessee of a part of the building has no right to place signs on an outside wall not enclosing his part of the leased premises.

(e) Where there are different tenants of several stories or floors of the building, the tenant of one floor has no right to prevent the tenant of another from placing signs upon the walls outside of his story or floor.

(f) The tenant, in the absence of a restriction, has the right to use the roof as well as the walls of a building leased by him, for advertising purposes, provided he does no injury to the freehold.

(g) The right of the tenant to use the walls of the building for advertising purposes can not be so exercised as to cause material injury to the building.

2. The right of ingress and egress by a tenant of one building through and by the stairway and hallway of another building not owned by the landlord of the tenant does not confer upon the tenant the right to place a show-case in such hallway, or to place signs in such stairway, or to attach signs over the doorway and to the walls of the building through which he has such right of ingress or egress.

3. A prescriptive right to maintain signs on, and to place show-cases in, the building of an owner does not arise where the use and enjoyment of such privilege has not existed for a period of twenty years, in the absence of color of title.

4. The plaintiff does not make a case of a parol license to him from the owner of the building leased by the defendant, to enjoy a permanent easement in such building, and the making by him, in pursance of such license, of large investments in order to enjoy such easement; such license, if any, having necessarily been given for a temporary and not a permanent easement. Furthermore the plaintiff by his pleadings and proof does not make a case of license, express or implied, temporary or permanent.

5. The court ered in granting a temporary injunction restraining the defendants as prayed by the plaintiff.

No. 3862.    November 17, 1923.

Injunction. Before Judge Humphries. Fulton superior court. May 31, 1923.

William Markham formerly owned the building known as the Empire Block on Whitehall Street in the City of Atlanta. This was a two-story building. The ground floor was divided into stores. The upper floor was cut up into rooms for offices and other purposes. These rooms faced upon a hallway which ran through this building from north to south and parallel to White-

hall Street. This hallway was reached by a stairway from Whitehall Street. It was located about midway of the building. On March 1, 1872, Markham conveyed to Lucy A. Jones and Daniel C. Jones "store No. 4 of the Empire Block, . . commencing at the middle of the wide stairway in said block and running along said Whitehall street a little west of south to the middle of the wall between stores Nos. 3 and 4 of said block; . . and the right to use the wide stairway for the purpose of egress and ingress from and to the upper rooms of said block as reserved for all the owners of the same, together with the halls upstairs." This store No. 4 in the Empire Block is now No. 80 Whitehall Street. Store No. 3 of said block is now No. 82 Whitehall Street. The present situation is shown by the following diagram:

No. 80 Whitehall Street is now owned by the Jones estate. No. 82 Whitehall Street is now owned by one Campbell. On May 25, 1915, H. Jensen leased from Campbell two rooms on the second floor of his building known as No. 82 Whitehall Street. These rooms are entered by a stairway between Numbers 78 and 80, leading to a hallway on the second floor of the building and running from No. 78 through No. 80 and into No. 82, as shown by the

above diagram. Jensen, since May, 1915, has continuously occupied the two rooms in No. 82 as his dental offices, under leases from Campbell. When he rented these premises in 1915 he suspended a sign with the notice, " 78-½, Dr. H. Jensen, Dentist," painted thereon over the entrance to the stairway, and this sign has since been so suspended continuously and publicly. When he first leased the rooms Jensen placed a glass show-case at the foot of the stairway attached to No. 80 Whitehall Street, and has kept it there ever since. One Meredith and his wife rented the upstairs of No. 80 Whitehall Street prior to the time Mrs. C. H. Smith, the defendant, rented the same, and conducted a business there under the name of the Southern Accordion Plaiting Company. About ten years ago the Merediths suspended a wooden sign eight or ten feet high above the entrance to the stairway. When they moved away they left their sign as a support to plaintiff's sign, and authorized plaintiff to use it as a support, which he has been doing for over seven years. Jensen then put on the Meredith sign the words, " Dr. Jensen," across the top, with the word, " Dentist," extending from near the top to the bottom, and the number " 78-½." This sign was fastened by a frame to the building known as No. 80 Whitehall Street. It was erected vertically and extended beyond the frame two or two and one half feet. Jensen suspended from this wooden sign a sign 1-½ by 2 feet, having thereon the words, " 78-½, Dr. H. Jensen, Dentist." He has another sign on the support of one of the steps of the stairway and another attached to the north side of the entrance. He has a wooden triangular sign eight or ten feet high, extending out two or two and one half feet from the outside front wall of No. 80 Whitehall Street. The Merediths kept said wooden sign first above described continuously in use from the time they erected it until they vacated the rooms of No. 80 Whitehall Street in March, 1923. On Feb. 14, 1923, Mrs. Smith leased from J. P. Jones and Edna Jones, guardian of Reagin Lamar Jones, the building known as No. 80 Whitehall Street, with the right of ingress and egress to and from the upstairs of said building, over and by means of .a stairway now located between said building and 78 Whitehall Street. In her said lease is this provision: " The right of ingress and egress over and by means of said stairway and by means of the hallway upstairs leading to the offices now occupied by Dr. H. Jensen is reserved."

On April 4, 1923, Mrs. Smith put up a cloth sign in a wooden frame on which was painted in large letters in red and black the words, "Entire upper floor for rent. Inquire Mrs. C. H. Smith, 80 Whitehall Street." This sign was attached to the above sign erected by the Merediths when they rented the premises now occupied by Mrs. Smith. This sign obstructs one side of Jensen's sign, obscuring the view thereof to pedestrians going south along Whitehall Street.

Jensen alleged that he and Mrs. Smith were not on good terms, and that the erection of her sign was willfully and wantonly done to obscure his sign and to create on the public mind the impression that he no longer occupied the offices at No. 82 Whitehall Street, and to injure his business; and that defendants, Mrs. Smith and her daughter, Lilly Belle Houck, were threatening to tear down his signs and remove his show-case. He prayed that they be enjoined from maintaining their said sign and from interfering with his signs and show-case. The court granted a temporary injunction restraining the defendants from maintaining their sign advertising the second floor of their building for lease, and from in any manner interfering with or tearing down the signs of plaintiff at 78-½ Whitehall Street, the number by which said stairway was known. The defendants excepted, and assigned error upon this judgment.

*Napier, Wright & Wood,* and *J. N. Johnson,* for plaintiffs in error.

*Lowndes Calhoun,* contra.

HINES, J. (After stating the foregoing facts.)

1. In the absence of an express provision to the contrary, the lease of a building or a portion thereof, for business purposes, gives the lessee the exclusive right to the use of the outside walls of that portion of the building embraced in his lease for advertising purposes. The tenant has the right to make reasonable use of the front walls of the leased building for such purpose. The tenant can put any sign or signs thereon which will work no injury to the freehold. The landlord in such a lease retains no right to permit signs or advertisements of other persons to be put upon the outside walls of the leased building. Riddle *v.* Littlefield, 53 N. H. 503 (16 Am. R. 388) ; Broads *v.* Mead, 159 Cal. 765 (116 Pac. 46, Ann. Cas. 1912C, 1125) ; Forbes *v.* Gorman, 159 Mich. 291 (123

N. W. 1089, 25 L. R. A. (N. S.) 318, 134 Am. St. R. 718) ; Snyder
v. Kulesh, 163 Iowa, 748 (144 N. W. 306, L. R. A. 1915B, 1057,
Ann. Cas. 1916C, 481) ; Lowell v. Strahan, 145 Mass. 1 (12 N. E.
401, 1 Am. St. R. 422) ; Salinger v. North Am. Woolen Mills, 70
W. Va. 151 (73 S. E. 312, 39 L. R. A. (N. S.) 350) ; Baldwin v.
Morgan, 43 Hun (N. Y.), 355; Law v. Haley, 9 Ohio Dec.
785; Scott v. Pitts, 6 L. J. N. S. 368; Carlisle Cafe Co. v. Muse, 77
L. T. Rep. N. S. 514, 67 L. J. Ch. N. S. 53; Goldfoot v. Welch, L.
J. 1914, 83 Ch. (Eng.) 360; Joseph v. London County Council,
111 L. T. N. S. (Eng.) 276; Stahl & Jaeger v. Satenstein, 233 N.
Y. 196 (135 N. E. 242, 22 A. L. R. 798) ; Hope v. Cowan (1913),
2 Ch. 312, 82 L. J. Ch. N. S. 439; Hilburn v. Huntsman, 187 Ky.
701 (220 S. W. 528) ; 16 R. C. L. Landlord & Tenant, § 226.
This does not authorize the tenant to lease to strangers space on
the walls or roof of the leased buildings for advertising purposes.
Louisville Gunning System v. Parks, 13 L. R. A. (N. S.) 587 (126
Ky. 532, 104 S. W. 331) ; Forbes v. Gorman, supra. The lessee of
a part of a building has no right to place signs on the outside wall
not enclosing his part of the leased premises. Broads v. Mead,
Salinger v. North Am. Woolen Mills, supra. Where there are
different tenants of the several stories or floors of a building, the
tenant of one floor has no right to prevent the tenant of another
floor from placing signs upon the walls outside of his story or floor.
Broads v. Mead, supra. The tenant, in the absence of a restriction,
has the right to use the roof, as well as the walls, of a building
leased by him, for advertising purposes, provided he does no injury
to the freehold. Alfred Peats Co. v. Bradley, 149 N. Y. Supp. 613.
It has been held that the tenant would not have such right if he
only leased a storeroom and part of a basement in a one-story
building. MacNair v. Ames, 29 R. I. 45 (68 Atl. 950, 16 Ann.
Cas. 1208). The right of the tenant to use the walls of a building
for advertising purposes can not be so exercised as to cause material
injury to the building. Hayman v. Round, 82 Neb. 598 (118 N.
W. 328, 45 L. R. A. (N. S.) 623). Thus, by the great weight of
the authorities, a tenant who leases an entire building has the right
to use the outer walls thereof to advertise his own business. Nei-
ther his landlord nor strangers can interfere with this right; and
injunction will lie to prevent the landlord or others from inter-
fering therewith. Goldfoot v. Welch, 1 Ch. (Eng.) 213, 83 L. J.
Ch. 360. Hilburn v. Huntsman, supra.

2. But the plaintiff insists that his right of ingress and egress to and from the premises leased by him in No. 82 Whitehall Street, through the stairway between Nos. 78 and 80 Whitehall Street and the hallway through the building leased by the defendant, gives to him the right to attach his signs to the walls of the building leased by her. We can not agree to this view. The right of ingress and egress does not confer upon the tenant any other use of the stairway and hallway. The right to use the stairway for the purpose of ingress and egress does not confer upon the tenant the right to make any other use of these passages. Certainly the right of ingress and egress would not give the tenant of portions of the other building the right to attach signs to the outer wall of the building leased by the defendant. The right of the defendant to use the building leased by her is subject to only one restriction, and that is the right of the plaintiff to use the stairway and hallway in her building in going to and returning from the rooms occupied by him as dental offices in the other building. After considerable search and research, we have been unable to find any case in which the exact point involved in this case has been decided. The nearest approach to such a case are cases involving the right to use party walls. In Lappan *v.* Glunz, 140 Mich. 609 (104 N. W. 26), it was held that the party to a party-wall agreement could not be restrained from using his side of the wall for advertising purposes because of his covenant that the other party who built the wall should have peaceful possession of one half of a foot of the former's lot, there being a further covenant that the wall when constructed should be the common property of both parties in equal proportions. In Shiverick *v.* Gunning Co., 58 Neb. 29 (78 N. W. 460), where a party wall was erected upon the boundary line between two lots, the owner of each lot paying one half of the cost, and one erected a building on his lot joining the same to the party wall, it was held that the other owner had the right to use or lease the face of the wall on his lot for advertising purposes. These cases are different from the instant case. Party walls are owned by the owners of the lands on which they are built or which they adjoin. Both owners are entitled to the use of such walls. Each owner is entitled to use his part thereof in any reasonable way. In case of the mere right of one to use a stairway or hall in going to and returning from premises leased in another

building, the party does not own such stairway or hall. He does not own the walls thereof. The use of the walls is not necessary to his enjoyment of the right of ingress and egress. Such right does not confer upon him another and additional right. He cannot use the stairway or hallway for any other purpose or to exercise any other right. He can not place a show-case in the stairway. He can not fasten signs to the walls of the building in which the stairway is located..

We have seen that a tenant in a building, by the bare right of ingress and egress to and from premises leased by him therein, has no right to place signs at the doorways, or in the hallways and stairways of the building, or attach signs to the outer walls except such portions as are embraced in the premises leased. If this is so, much less has a tenant of premises leased by him in one building the right to place signs at the doorway and in the hallway of another building owned by one other than his landlord, because of his bare right of ingress and egress through the latter building to the premises leased by him in the first. The mere right of ingress and egress through the second building gives to the tenant of the premises in the first building no such signal rights. If the stairway and hallway were owned in common by the owner of the building in which the plaintiff has his offices and by the owner of the building leased by the defendant, such owners or their tenants would have the customary and reasonable right to use the walls along the stairway for placing thereon signs and advertisements. Bennett v. Seligman, 32 Mich. 500. So we are of the opinion that the right of ingress and egress through this stairway and hallway does not give to the plaintiff the right to maintain a show-case at the foot of the stairway, or to attach signs to the walls of the stairway, or to fasten signs to the outside wall of the building leased by the defendant.

3. The plaintiff also insists that he has a prescriptive right to maintain his signs and show-case as they now exist, because he placed them in their present positions more than seven years ago, and has continuously and notoriously used them in their present places for a period extending over seven years. An incorporeal right, which may be lawfully granted, may be acquired by prescription. Civil Code (1910), § 4170. But what length of time must run in order for the use to ripen into a prescriptive title? At the

common law this right rested upon use and enjoyment "for a time whereof the memory of man runneth not to the contrary." By Lord Tenterden's act the time in England was shortened and fixed at twenty, thirty, forty, and sixty years for the different classes of cases. 19 C. J. 873, § 17. By the provisions of our Civil Code, the time has been shortened to seven years when the right is claimed under color of title, and to twenty years when the prescription is based on possession alone. Civil Code (1910), §§ 4168, 4169. By analogy the period of use and enjoyment which will give an easement to one in the land of another must run for twenty years or longer, unless under color of title. Bealy v. Shaw, 6 East, 208; *Wimpey* v. *Smart,* 137 *Ga.* 325 (73 S. E. 586); *Seaboard Air-Line Ry.* v. *Sikes, 4 Ga. App.* 7 (60 S. E. 868). If the other necessary elements of prescription were shown, the plaintiff's assertion of a prescriptive right fails because of lack of sufficient length of use and enjoyment.

4. Nor does the plaintiff make a case of a parol license to him from the landlord of the defendant to enjoy a permanent easement, and the making by him, in pursuance of such license, of large investments in order to enjoy the easement. Plaintiff erected these signs and placed his show-case in this building when he was in possession of his offices under a lease for a short term of years. If a local license had been given him by the owner of the building leased by the defendant to put signs and a show-case in that building, it was necessarily a temporary easement, measured by the plaintiff's term for which he rented his office, and not a permanent easement. For this reason the plaintiff does not make a case on this theory. *Cook* v. *Pridgen, 45 Ga.* 331 (12 Am. R. 582); *Hiers* v. *Mill Haven Co., 113 Ga.* 1002, 1004 (39 S. E. 444). Furthermore the plaintiff by his pleadings and proof makes no case of license, express or implied, temporary or permanent.

5. The wrong ox was gored in this case. By her answer in the nature of a cross-bill the defendant prayed that the plaintiff be enjoined from maintaining his signs and show-case in and on the building leased by her. If any one was entitled to a temporary injunction, it was the defendant, and not the plaintiff.

*Judgment reversed. All the Justices concur.*