### WAIT *v.* NEWMAN.

1. CONTRACTS—CONSTRUCTION—SPECIFIC WORDS CONTROL GENERAL TERMS.

   When both general and specific words are used in instruments binding upon parties, the latter will ordinarily control.

2. PARTY WALLS—LAND CONTRACTS—DEEDS—INTENT—EASEMENT OF LATERAL SUPPORT.

   Contract to sell land, which provided that purchasers should have equal rights with vendors in brick wall between theater and mercantile establishment entirely on land retained by latter, may be considered as having been given a practical construction by the parties by confining rights in wall to use for party wall, where deed given pursuant to the contract so limited interest of dominant tenant in the absence of claim of fraud or mistake and, even if contract be construed with deed, it merely evidences intent to grant only an easement of lateral support.

3. SAME—WALL ENTIRELY ON LAND OF ONE PARTY—EASEMENT OF LATERAL SUPPORT.

   When a party wall is entirely on the land of one party he retains the fee and all rights in the wall subject to the easement of lateral support.

4. SAME—EXTENT OF DOMINANT EASEMENT.

   In the absence of agreement to the contrary, the easement of the dominant tenant in a party wall is limited to the right of support and he cannot increase the burden on the servient owner beyond that.

5. SAME—LOT LINE—EASEMENT OF LATERAL SUPPORT.

   The dominant tenant in an easement for lateral support in a party wall has no right to encroach beyond the lot line except for the purpose of support.

---

<sup>*</sup> Continued from Vol. 283.

6. EASEMENTS—EQUITY—INJUNCTION.

Equity will enjoin an increase of the burden on the servient estate beyond that contemplated at the time of the creation of the easement.

7. PARTY WALLS—STREET FRONT—EXTENT OF DOMINANT TENANT'S INTEREST.

Defendants, dominant tenants in party wall between theater and mercantile establishment but entirely on plaintiffs' land, *held*, not entitled to use any part of street front of wall for advertising purposes since interest of dominant tenants in such walls is limited to an easement for lateral support, in the absence of agreement to the contrary.

Appeal from St. Joseph; Hatch (Blaine W.), J., presiding. Submitted January 22, 1938. (Docket No. 141, Calendar No. 39,867.) Decided April 4, 1938.

Bill by J. Paul Wait and others against Carl C. Newman and others for a mandatory injunction to compel the removal of a sign and enjoin further use of a party wall. Decree for plaintiffs. Defendants appeal. Affirmed.

*J. Paul Wait, in pro. per.* and for other plaintiffs.

*D. M. Britton* and *Roy H. Hagerman,* for defendants.

BUTZEL, J. A party wall separates buildings fronting on the north side of Chicago street in Sturgis, Michigan. Plaintiffs' building, leased to a mercantile establishment, is to the east of the wall, and that of defendants Newman, leased to defendant Sturgis Theatre Company, is to the west. The contract under which defendants Newman obtained a deed of the property west of the wall, as well as the deed, came from the parties who were then owners

of both lots and the buildings thereon. Defendants' contract stated

"The parties of the first part hereby * * * agree that they will sell * * * the block * * * with equal rights in the brick wall on the east of said block."

The deed to defendants did not include the land upon which the party wall is situated, title thereto being retained by the grantors. However, the deed did state:

"And first parties further grant to second parties or their assigns a right to use the brick wall on the east side of said granted piece or parcel of land as a party wall."

Plaintiffs now hold the title in the east lot, on which is the party wall, subject, however, to any rights defendants may have acquired through their contract and deed.

The defendant theater company has attached to the street end of the wall a large frame in which advertising posters are inserted. The frame faces the street and hangs flat on the brick facing at the street end of the wall. It was first attached midway between the edges of the wall, but after suit was instituted, it was moved to the half of the wall nearer the theater. Plaintiffs brought suit for a mandatory injunction to compel the removal of the advertising frame and to enjoin defendants from using the wall except for lateral support. The court granted plaintiffs the relief sought and defendants appeal.

The main question is one of law. Defendants stress the fact that the contract provided for equal rights in the brick wall, even though the deed

granted only the use of the wall as a party wall. When both general and specific words are used by the parties, the latter will ordinarily control. *Thomson Electric Welding Co.* v. *Peerless Wire Fence Co.,* 190 Mich. 496. There being no claim of fraud or mistake, the clause used in the deed might be considered to be a practical construction by the parties of the terms used in the contract. Even giving some force to the wording of the contract and construing it with the deed, it apparently was intended that the defendants acquire only an easement of lateral support. When a party wall is entirely on the land of one party, he retains the fee and all rights in the wall, subject to the easement of lateral support. *Bean* v. *Dow,* 84 N. H. 464 (152 Atl. 609). In the absence of agreement to the contrary, the easement of the dominant tenant is limited to the right of support and he cannot increase the burden on the servient owner beyond that. *Sullivan* v. *Graffort,* 35 Iowa, 531; *Fonda* v. *Parr,* 10 Ky. Law Rep. 445; *Coggins & Owens* v. *Carey,* 106 Md. 204 (66 Atl. 673, 10 L. R. A. [N. S.] 1191, 124 Am. St. Rep. 468). The dominant tenant has no right to encroach beyond the lot line except for the purpose of support. *Johnson* v. *Minnesota Tribune Co.,* 91 Minn. 476 (98 N. W. 321). Equity will enjoin an increase of the burden on the servient estate beyond that contemplated at the time of the creation of the easement. *Grinnell Bros.* v. *Brown,* 205 Mich. 134; *Bang* v. *Forman,* 244 Mich. 571.

Appellants call attention to *Lappan* v. *Glunz,* 140 Mich. 609, wherein a party wall, running north and south, rested half on each lot so that each owner held the fee in half of the wall. The lessee of the east lot painted a large sign on the easterly face of the wall entirely located on his own lot. This court held that

he had a right to do so and refused to order the sign removed. In the instant case, the entire wall is located on plaintiffs' property, and defendants' easement therein is quite different from the fee held by the defendant in *Lappan* v. *Glunz, supra.*

The decree is affirmed, with costs to plaintiffs.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.